UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE ESCAMILLA, a/k/a Jorge M.
Escamilla,

                    Plaintiff,

    -against-                                     9:15-CV-0070 (LEK/DEP)

KATHLEEN T. ESCAMILLA, *et al.*,

                    Defendants.
_____

**DECISION AND ORDER**

**I.    BACKGROUND**

Plaintiff George Escamilla commenced this pro se civil rights action pursuant to 42 U.S.C. § 1983.[1] Dkt. No. 7 ("Amended Complaint").[2] The Amended Complaint named the following as defendants: Kathleen T. Escamilla ("K. Escamilla"), New York State, Broome County Criminal Court, and Carl J. Silverstein. Id. at 3. On December 18, 2014, Plaintiff requested leave to proceed with the action in forma pauperis. Dkt. No. 8 ("IFP Application").

By Decision and Order filed on March 13, 2015, the Court granted Plaintiff's IFP Application, but found that the Amended Complaint failed to state a claim upon which relief could be granted and sought relief against parties who were immune from suit under § 1983, and

---

[1] This action was originally filed in the Eastern District of New York on December 8, 2014, and was transferred to this district on January 9, 2015, by order of United States District Judge Sandra L. Townes of the Eastern District of New York. Dkt. No. 14 at 2.

[2] After Plaintiff submitted his Complaint, Dkt. 1, he submitted an Amended Complaint, which the Court reviewed in place of the original Complaint. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)).

was therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dkt. No. 17 ("March 2015 Order") at 2, 9. Specifically, the Court found that (1) Plaintiff's claim that K. Escamilla gave false testimony at a criminal trial was barred by the absolute immunity accorded to trial witnesses;[3] (2) Plaintiff's claims against New York State were barred by Eleventh Amendment immunity; (3) Broome County Criminal Court was not a "person" within the meaning of § 1983 and, in any event, because it is part of the New York State Unified Court System, Broome County Criminal Court was entitled to Eleventh Amendment immunity; and (4) Plaintiff failed to state a claim against Silverstein under § 1983 because Silverstein was not a state actor. Id. at 5–8. On March 13, 2015, judgment was entered dismissing Plaintiff's action in its entirety. Dkt. No. 18 ("March 2015 Judgment").[4]

On March 24, 2015, Plaintiff filed a notice of appeal from the March 2015 Order to the Second Circuit Court of Appeals. Dkt. No. 19 ("March 2015 Appeal"). Concurrent with the March 2015 Appeal, Plaintiff filed motions with the Second Circuit seeking appointment of counsel, leave to amend his Amended Complaint, release from prison, vacatur of his sentence, and expungement of his criminal record. Id. By mandate of the Second Circuit issued on December 9, 2015, Plaintiff's March 2015 Appeal was dismissed because it "lack[ed] an

---

[3] The Court also found that K. Escamilla was not acting under color of state law when she testified at the criminal trial. Mar. 2015 Order at 5 n.5 (citing cases).

[4] The Court did not grant Plaintiff an opportunity to replead because it determined that repleading would have been futile. Id. at 8 n.7 (citing cases).

arguable basis either in law or in fact." Dkt. No. 21 ("December 2015 Mandate").[5] The December 2015 Mandate also denied each of Plaintiff's motions. Id.

On February 3, 2017, Plaintiff filed a submission with the Second Circuit that he described as a "notice of appeal." Dkt. No. 23 ("February 2017 Notice of Appeal"). The Second Circuit forwarded Plaintiff's February 2017 Notice of Appeal to the Clerk of this Court pursuant to Federal Rule of Appellate Procedure 4(d), with directions to file the submission as a notice of appeal on the Northern District of New York docket in this action as of February 3, 2017. Dkt. No. 23-8 ("Second Circuit Transfer Notice").[6] On February 17, 2017, the Second Circuit sent a notice to Plaintiff stating that the February 2017 Notice of Appeal had been "mistakenly" sent to the Second Circuit pursuant to Federal Rule Appellate Procedure 4(d) because (i) Plaintiff's appeal of this Court's March 2015 Order was closed, and (ii) the February 2017 Notice of Appeal "didn't refer to an order of the District Court that may be appealed to the Court of Appeals." Dkt. No. 25. Therefore, the Second Circuit advised Plaintiff and this Court that "no further action [would] be taken by" the Second Circuit regarding the February 2017 Notice of Appeal. Id.

Presently before the Court are Plaintiff's motions requesting permission to file an appeal to the Second Circuit, Dkt. No. 26, to overturn his state court conviction, Dkt. No. 27, to expunge

---

[5] Plaintiff also filed a writ of certiorari with the Supreme Court of the United States which was denied on December 7, 2015. Notice of Denial of Writ of Certiorari, Escamilla v. Escamilla, No. 15-1036 (2d Cir. Dec. 7, 2015).

[6] Rule 4(d) of the Federal Rules of Appellate provides that, "[i]f a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted." Fed. R. App. P. 4(d).

his criminal records, Dkt. No. 28, and to "restore [his] good name" and award "monetary" damages, Dkt. No. 29.

**II.   DISCUSSION**

    **A.  The February 2017 Notice of Appeal**

As noted above, the Second Circuit rejected Plaintiff's February 2017 attempt to appeal. Dkt. No. 25. A search of the Federal Judiciary's Public Access to Court Electronic Records Service ("PACER") for "George Escamilla" and "Jorge M. Escamilla" yielded only one appeal filed in the Second Circuit by Plaintiff: the appeal of this Court's March 2015 Order dismissing this action. Escamilla v. Escamilla, No. 15-1036 (2d Cir. filed Apr. 6, 2015). The Second Circuit dismissed that appeal more than a year ago. Dec. 2015 Mandate. Plaintiff therefore has no appeal pending in the Second Circuit. In light of the foregoing, the Clerk of the Court is directed to terminate any reference to a pending appeal in this action.

    **B.  Motion for Permission to File an Appeal**

Pursuant to 28 U.S.C. § 2107(a), parties must file notices of appeal within thirty days of the entry of the judgment being appealed. Bowles v. Russell, 551 U.S. 205, 208 (2007); Fed. R. App. P. 4(a)(1). "District courts have limited authority to grant an extension of the 30-day time period." Bowles, 551 U.S. at 208. Rule 4(a)(5) of the Federal Rules of Appellate Procedure authorizes courts to extend the time in which a party may file a notice of appeal in certain circumstances. Rule 4(a)(5) provides:

> (A) The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

>(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>
>(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

Fed. R. App. P. 4(a)(5).

Unless a party moves under Rule 4(a)(5) within the thirty-day period following the normal deadline for filing an appeal, the "district court lacks jurisdiction . . . to grant [the] motion." Martinez v. Hoke, 38 F.3d 655, 656 (2d Cir. 1994) (citing Melton v. Frank, 891 F.2d 1054, 1056 (2d Cir. 1989)). Rule 4(a)(5) does not authorize the Court to permit an untimely appeal in this case. Plaintiff's present motion for permission to file an appeal was filed nearly two years after the Clerk of the Court entered the March 2015 Judgment dismissing this action, well beyond Rule 4(a)(5)'s thirty-day grace period. Accordingly, Plaintiff may not seek an extension of time in which to appeal under Rule 4(a)(5).

Nor does the remaining exception under Rule 4 permit Plaintiff to file a notice of appeal. Rule 4(a)(6) of the Federal Rules of Appellate Procedure authorizes courts to reopen and extend the time for filing a notice of appeal after thirty days in certain circumstances. Rule 4(a)(6) provides:

>The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
>(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

>    (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
>    (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Plaintiff cannot proceed under Rule 4(a)(6). As an initial matter, Plaintiff does not claim that he never received notice of the Court's entry of judgment dismissing this action. Indeed, Plaintiff clearly had notice of the dismissal because he already appealed the March 2015 Judgment to the Second Circuit. Mar. 2015 Notice of Appeal. Moreover, the time period for making a request under Rule 4(a)(6)(B) has long since expired. Thus, Plaintiff may not seek additional time in which to appeal pursuant to Rule 4(a)(6).

Finally, insofar as Plaintiff seeks to appeal "from the Sentence and Conviction of Broome County," Dkt. 23–2 at 8, an appeal from a state court criminal conviction may not be taken directly to the Second Circuit Court of Appeals.[7]

Plaintiff's motion for permission to file an appeal to the Second Circuit is denied.

---

[7] Plaintiff appears to argue that he is entitled to release from prison and to have his criminal record expunged based upon his mistaken belief that the New York State Attorney General and the Broome County Attorney "did together TERMINATE" Plaintiff's criminal prosecution. Dkt. 26 at 8. In support of this belief, Plaintiff attaches a copy of the Second Circuit docket report for his appeal from this action, which notes that the New York State Office of the Attorney General and the Broome County Attorney's Office were no longer representing the State of New York or Broome County Criminal Court in the appeal. Dkt. No. 26-1, at 11. The reference to termination has no bearing on Plaintiff's criminal conviction; it indicates only that the terminated offices are no longer appearing on behalf of parties named in the appeal. See Ltr. from Appellee to Clerk of the Second Circuit, Escamilla v. Escamilla, No. 15-1036 (2d Cir. June 1, 2005), ECF No. 22 (letter to the Clerk of the Second Circuit from the Office of the New York State Attorney General advising that the Attorney General's office did not "currently represent the state defendants" in the appeal; asking that the Office be removed from the docket; and noting that the Broome County Attorney's Office did not generally represent county courts).

### C. Remaining Motions

Judgment dismissing this action was entered more than two years ago on March 13, 2015, and this action is closed. Accordingly, Plaintiff's remaining motions are denied.

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's motion for permission to file an appeal to the Second Circuit (Dkt. No. 26) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's remaining motions (Dkt. Nos. 27, 28, 29) are **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to terminate any reference to a pending appeal in this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:    April 07, 2017
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge